## LEE NUSBAUM, APPELLANT, v. H. G. HARRIS COMPANY ET AL., RESPONDENTS.

Submitted December 11, 1922—Decided February 2, 1923.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an appeal from a judgment entered for the defendants below in a suit instituted in the Atlantic County Circuit Court. The action was one of replevin, to recover possession of a cold-storage plant placed by the appellant in an apartment-house in Atlantic City known as the 'Vermont Apartments,' under a contract made between the plaintiff below [hereinafter referred to as the plaintiff] and one John Stafford. The plaintiff, in the final contract made with Stafford, dated October 29th, 1917, agreed 'to furnish and erect all necessary refrigeration and cold-storage plant required in the erection and completion of the building .......... in strict conformity with the plans prepared by .........., architect, and with the specifications hereunto annexed and made a part hereof, which plans and specifications are hereby made a part of this agreement, as fully and completely and with the same effect as if the same had been set forth in the body of the agreement.' Annexed to the agreement is what is termed a contract order containing conditions and specifications for the machinery, &c., to be furnished, unsigned by the parties. In the conditions appears the following: 'The title to all material furnished by the company [the plaintiff] shall remain in it until full purchase price has been paid in cash with full right of repossession by the company upon the purchaser's default of any act or payment due under this contract.' The theory upon which the replevin suit was instituted was that, as Stafford had not paid for the refrigerating plant, the plaintiff could replevin it under this provision of the contract.

"The judge, before whom the case was tried without a jury, found as a fact that the contract order so called had been superseded by the contract of October 29th, 1917, under which the title to the cold-storage plant upon installation passed to Stafford without the reservation contained in the contract order. We are of the opinion that the evidence justifies this finding of the trial court. In the case of *Ingersoll-Rand Co.* v. *United Fidelity and Guaranty Co.*, 92 *N. J. L.* 403, the Court of Errors and Appeals held that the reservation of title to machinery in unsigned specifications annexed to a contract was no part of the contract, and ineffective to reserve title in the vendor. In the present case the reservation of title is found in the conditions unsigned, and although annexed to the contract not referred to therein. We are of the opinion that such reservation of title in the conditions form no part of the contract of October 29th, 1917, made between the plaintiff and Stafford, and are ineffective to give to the plaintiff the present right of possession necessary to maintain an action of replevin.

"For these reasons we affirm, with costs, the judgment."

For the appellant, *Herbert R. Voorhees* and *Ulysses G. Stryon*.

. For the respondents, *Clarence L. Cole, Theodore W. Schimpf* and *Robert W. Howard*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WILLIAMS, GARDNER, VAN BUSKIRK, JJ.   10.

*For reversal*—None.